UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRARD DATES,

        Petitioner,

                                   CASE NO. 2:09-cv-13726

                                   HONORABLE STEPHEN J. MURPHY, III

PATRICIA BARNHART,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING
THE PETITION FOR WRIT OF HABEAS CORPUS**

Jerrard Dates, ("petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* Mr. Dates challenges his sentence for two counts of armed robbery, M.C.L.A. 750.529, and one count of felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the application for writ of habeas corpus is **SUMMARILY DENIED**.

BACKGROUND

Mr. Dates pleaded guilty to the above charges in the Wayne County Circuit Court. Mr. Dates was sentenced to eight to thirty years on the armed robbery convictions and received a consecutive two year prison sentence on the felony-firearm conviction. Mr. Dates' conviction and sentence were affirmed on appeal. *People v. Dates,* No. 284629 (Mich.Ct.App. May 8, 2008); *lv. den.* 482 Mich. 1064 (2008).

Mr. Dates seeks a writ of habeas corpus on the following ground:

Defendant is entitle to resentencing where the guidelines scoring sheet was not provided to the Court at the time of sentencing.

DISCUSSION

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Mr. Dates' sentencing claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Mr. Dates contends that he is entitled to re-sentencing, because the sentencing

2

guideline scoring sheet was not provided to the trial court at the time of sentencing, nor attached to the pre-sentence investigation report, as required by M.C.R. 6.425(D), which states that: "[P]roposed scoring of the guidelines shall accompany the presentence report."

Mr. Dates' sentences of eight to thirty years for armed robbery and his consecutive two year sentence for felony-firearm were within the statutory limits for these offenses under Michigan law. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).

Mr. Dates' claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Mr. Dates has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *Id.; See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). Mr. Dates' claim involving the scoring of the sentencing guidelines fails to state a claim upon which habeas relief can be granted. *Shanks,* 387 F. Supp. 2d at 752*; See also Cook,* 56 F. Supp. 2d at 797.

Mr. Dates would also not be entitled to habeas relief based on his claim that his pre-sentence investigation report was inaccurate because it did not contain the guidelines scoring sheet. There is no federal constitutional right to a pre-sentence investigation and report. *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001) (internal citation

omitted). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Id.* Moreover, Mr. Dates' claim that the absence of the sentencing guidelines scoring sheet from the pre-sentence report violated the provisions of M.C.R. 6.425(D) is noncognizable in federal habeas review, because it involves an issue of state law. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009) (petitioner not entitled to habeas relief on claim involving inaccuracies in pre-sentence information report, because it involved an issue of state law); *Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 2005 WL 361583 (6th Cir. February 15, 2005) (habeas petitioner's claim that the trial court failed to rule on his objections to his pre-sentence investigation report, in violation of M.C.R. 6.425(D)(3), was noncogizable, in that it involved an alleged violation of state law). Accordingly, Mr. Dates is not entitled to habeas relief on his claim.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Mr. Dates has not made a substantial showing of the denial of a constitutional right with respect to the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny Mr. Dates leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

## ORDER

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry 1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be denied leave to appeal *in forma pauperis.*

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: October 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager